UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,                                  13-CR-198-RJA

v.                                       **SENTENCING MEMORANDUM**

SALVATORE TANTILLO, II,

        Defendant.
_____

**JOHN HUMANN**, affirms under penalty of perjury that:

1.      I have represented Mr. Tantillo since the beginning of this action on July 19, 2013.  Mr. Tantillo is scheduled to be sentenced on February 14, 2014 at 1:00 p.m.

2.      Mr. Tantillo  pled guilty to a one count Information charging him with enticement of a minor to engage in sexual activity, in violation of 18 U.S.C. §2422(b).  Mr. Tantillo has been detained since the time of his arraignment on July 19, 2013.

3.      Mr. Tantillo has accepted full responsibility for his actions.  He acknowledged that he engaged in sexual intercourse with the victim and took photographs of her.  At his presentence interview, Mr. Tantillo candidly stated "I get sick just thinking about it.  I didn't mean to hurt anybody.  I used bad judgement.  Every night I don't sleep well and I feel sorry for what happened." (*See* PSR ¶ 38).

4.  Mr. Tantillo was born in 1981 to married parents Salvatore and Debra Tantillo. Mr. Tantillo's father was in the U.S. Army. The family resided in Germany until they returned to Buffalo when Mr. Tantillo was five years old. Approximately two years later his parents separated. His father is presently employed as a driver for a local recycling company and resides in Lackawanna, New York. His mother is employed as a security guard and presently resides in Richmond, Virginia. (*See* PSR ¶¶ 69 and 70).

5.  Mr. Tantillo is the middle child with an older sister and younger brother. He and his siblings resided with their mother in South Buffalo until he turned sixteen and he moved in with his father. He remained with his father until he graduated from high school. He spent weekends with his mother and siblings. After his father had a heart attack, his father expressed that defendant helped him out financially until he was in a position to work again. Mr. Tantillo's father described his son as:

> He has always been the type to keep things to himself and try to do things on his own. It was a very stupid decision and he is paying a big price. He had a good job and has lost everything, his apartment, his car his job. We all are supportive of him. As a father, I saw the look on his face when his own son was born. He would give you the shirt off his back. He's been working since he was 15 years old and I hope the Judge sees him for something other than this. He was very stupid. (*See* PSR ¶ 72).

6. Mr. Tantillo has never been married. He has a live in 21 year old girlfriend that he met in 2012. They share a son that was born on April 30, 2013. Mr. Tantillo and his girlfriend continue to share a good relationship and she has visited him with his son since he has been incarcerated. His girlfriend does not know how she will be without Mr. Tantillo around to help her financially with the baby. She stated that Mr. Tantillo "was there when his son was born. It is tearing him apart to be away from his son. . . . Having a child with him is hard. I care about him." (*See* PSR ¶¶ 73-75).

7. Neither Mr. Tantillo nor his parents or siblings have any prior arrests or substance abuse history. He stated "My father and I are really good friends and I have a very good relationship with my mother as well." He also expressed that he had a good relationship with both of his siblings and had been to Virginia to visit all of them on several occasions. (*See* PSR ¶ 70).

8. Mr. Tantillo made an irresponsible decision and accepts full responsibility for his actions. He is very remorseful and expressed "I hope she is okay and feel bad for how this may have negatively impacted her. I also feel bad for my family, her and her family." (*See* PSR ¶ 38).

**WHEREFORE**, we respectfully request the Court to impose a sentence that is fair and reasonable under the circumstances, but not greater than necessary to meet the needs of 18 U.S.C. §3553(a).

**DATED**:   Buffalo, New York, February 7, 2014

Respectfully submitted,

*/s/ John Humann*
John Humann
Senior Litigator
Federal Public Defender's Office
300 Pearl Street, Suite 200
Buffalo, New York 14202
(716) 551-3341; 551-3346 (fax)
john_humann@fd.org.
Attorney for Defendant Salvatore Tantillo, II

**To:**   Marie P. Grisanti
Assistant United States Attorney

David W. Ball
United States Probation Officer Specialist

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.                                                      13-CR-198-RJA

SALVATORE TANTILLO, II,

              Defendant.

## CERTIFICATE OF SERVICE

      I hereby certify that on February 7, 2014, I filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

1.     Marie P. Grisanti
        Assistant United States Attorney
        Western District of New York
        138 Delaware Avenue, Federal Centre
        Buffalo, New York 14202

      And, I hereby certify that I have e-mailed the document to the following non-CM/ECF participant(s).

2.     David W. Ball
        United States Probation Officer Specialist
        U.S. Probation Department
        U.S. Courthouse
        2 Niagara Square
        Buffalo, New York 14202

                                                    /s/ *Jennifer L. Dimitroff*
                                                    Jennifer Dimitroff, Investigator/Paralegal
                                                    Federal Public Defender's Office

AO 72A
(Rev. 8/82)